The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR20-015-RSL |
|---|---|
| Plaintiff, | |
| v. | |
| KAMRON DYLAN DUANE COOPER, | **DISCOVERY PROTECTIVE ORDER** |
| Defendant. | |

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant Kamron Dylan Duane Cooper, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. <u>Protected Material</u>

The following documents and materials are deemed Protected Material. The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team). This category of Protected Materials will be marked and labeled as "Protected Material":

DISCOVERY PROTECTIVE ORDER - 1
*United States v. Cooper*, CR20-015-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

(a) law enforcement reports summarizing statements made by victims and other witnesses;

(b) audio and video forensic interviews of child victims and child witnesses;

(c) records, reports, and documents related to medical visits and examinations, children's advocacy centers and agencies, Child Protective Services, and schools;

(d) evidence of communications with minor victims and witnesses that containing identifying information;

(e) grand jury transcripts and exhibits; and

(f) the personal information related to victim/witnesses, and any statements and documents containing personal information about or related to any victims and witnesses provided by the government in discovery is deemed Protected Material. As used in this Order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, and other confidential information.

2. <u>Scope of Review of Protected Material</u>

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to the Defendant and other persons. Notwithstanding the terms of this Order, defense counsel may provide electronic copies of any Protected Material to the Federal Detention Center at SeaTac, Washington, for Defendant's review in a controlled environment so long as Defendant is not permitted to retain any copies of that material.

DISCOVERY PROTECTIVE ORDER - 2
*United States v. Cooper*, CR20-015-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

3.  Consent to Terms of Protective Order

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense teams, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients of the terms and conditions of this Protective Order. Such written consent shall not, however, be required with respect to members of the defense teams who are employed by the same office as the attorney of record; in such case, it shall be sufficient for the attorney of record to provide a copy of this Protective Order to such other members of the defense teams and to remind them of their obligations under the Order. The written consent need not be disclosed or produced to the United States unless requested by the United States Attorney's Office for the Western District of Washington and ordered by the Court.

4.  Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5.  Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

///
///
///

DISCOVERY PROTECTIVE ORDER - 3
*United States v. Cooper*, CR20-015-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

6. <u>Nontermination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this 10th day of March, 2020.

ROBERT S. LASNIK
United States District Judge

Presented by:

/s/ J. Tate London
J. TATE LONDON

/s/ Nancy Tenney
NANCY TENNEY

DISCOVERY PROTECTIVE ORDER - 4
United States v. Cooper, CR20-015-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970