Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR20-015-RSL |
|---|---|
| Plaintiff, | |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| KAMRON DYLAN DUANE COOPER, | |
| Defendant. | |

The United States of America recommends that the Court sentence defendant Kamron Dylan Duane Cooper ("Cooper") to a term of imprisonment of fifty-one (51) months, to be followed by a term of supervised release of fifteen (15) years, subject to the standard and special conditions of supervision recommended by the United States Probation Office.

## I.   FACTUAL BACKGROUND

On February 5, 2020, a grand jury returned a two-count Indictment charging Defendant with Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2243(a). On June 16, 2021, Defendant pleaded guilty as charged. The charges arise from Defendant's sexual relationship with a young female over the course of nearly a year.

The Plea Agreement contains the following joint statement of facts:

At all material times, Defendant was an enrolled member of the Nooksack Indian Tribe, a federally recognized Indian Tribe. He has a 23/32 quantum of Indian blood. Defendant committed the instant offenses within residences that are located within the

GOV'S SENTENCING MEMORANDUM - 1
CR20-015-RSL / KAMRON DYLAN DUANE COOPER

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

exterior boundaries of the Lummi Indian Reservation, Indian Country as defined in Title 18, United States Code, Section 1151, and within the Western District of Washington.

Beginning in or about March 2018, and continuing until in or about January 2019, Defendant engaged in sexual acts on multiple occasions, that is, contact between the penis and vulva, with "Jane Doe," a minor female who was thirteen years old at the time that Defendant began to engage in sexual acts with Doe. Defendant was at least eighteen years old at the time of each sexual act. Defendant communicated electronically with Doe, i.e., via cell phone. Defendant sent messages to Doe discussing getting together /making arrangements to engage in sex with Doe and referring to his sexual encounters with Doe.

Plea Agreement at 5, ¶ 8 (Docket No. 30).

As part of the Plea Agreement, the United States agreed to "recommend that the Court sentence Defendant to a term of imprisonment of not greater than the low end of his advisory sentencing guidelines range as determined by the Court at the time of sentencing." Plea Agreement at 7, ¶ 13. Conversely, Cooper remained free to recommend whatever sentence he deemed to be appropriate. Plea Agreement at 7, ¶ 13. Cooper agreed to waive his right to appeal the sentence imposed by the Court, if that sentence is within or below the sentencing guidelines range as calculated by the Court. Plea Agreement at 11-12, ¶ 18.

## II. SENTENCING GUIDELINES

### A. Offense Level Computation

The United States concurs with the total offense level computation made by the Probation Office (PSR, ¶¶ 18-26). Cooper has a total offense level of twenty-two (22), which the Probation Office calculated as follows: Base offense level of 18 pursuant to USSG § 2A3.2(a); a two-level increase pursuant to USSG § 2A3.2(b)(3) based on Cooper's use of a computer to persuade, induce, or entice a minor to engage in prohibited sexual conduct; a five-level increase, pursuant to USSG §4B1.5(b), for engaging in a pattern of prohibited sexual conduct; and a three-level decrease, pursuant to USSG § 3E1.1(a) & (b), for acceptance of responsibility.

///

///

GOV'S SENTENCING MEMORANDUM - 2
CR20-015-RSL / KAMRON DYLAN DUANE COOPER

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

**B.    Criminal History Score**

The United States concurs with the Probation Office's calculation of Cooper's criminal history score.  Cooper has a criminal history category of III, pursuant to USSG § 4B1.5 (PSR, ¶¶ 27-31).

**C.    Sentencing Range**

The applicable, advisory sentencing range, as calculated by the Probation Office, is fifty-one (51) to sixty-three (63) months of imprisonment (PSR, ¶ 73).

### III.  SENTENCING RECOMMENDATION

The United States recommends that the Court sentence Cooper to 51 months of imprisonment as to each count, to run concurrently, to be followed by a term of supervised release of 15 years, and further recommends that the Court impose restitution, if any, in an amount to be determined at time of sentencing.

This recommendation is at the low end of Cooper's advisory guidelines range and is appropriate given the surrounding circumstances and the serious nature of Cooper's offense conduct, as well as the impact it has had and will continue to have on his victim.  In a study conducted in San Diego from 1995 to 1997 among 17,337 adult HMO members, childhood sexual abuse "was reported by 16% of males and 25% of females."  Dube, et. al, <u>Long-Term Consequences of Childhood Sexual Abuse by Gender of Victim</u>, (June 2005), http://www.ajpmonline.org/article/S0749-3797(05)00078-4/fulltext?showall=true.  Adults who had experienced childhood sexual abuse were twice as likely to have a history of suicide attempt, at a "40% increased risk of marrying an alcoholic, and a 40% to 50% increased risk of reporting current problems with their marriage" compared to those who reported no sexual abuse.  *Id.*

Cooper engaged in a pattern of predatory criminal conduct with not only Doe, but two other young victims.  His instant criminal conduct is even more egregious because it occurred while he was under court supervision for the prior sexual-related offenses and because of his failure to engage fully in and complete sex offender treatment.

GOV'S SENTENCING MEMORANDUM - 3
CR20-015-RSL / KAMRON DYLAN DUANE COOPER

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

The United States makes this recommends after considering the factors outlined in 18 U.S.C. § 3553(a).  Imprisonment for 51 months is sufficient, but not greater than necessary, and reflects the seriousness of Cooper's offense conduct, properly promotes respect for the law, provides adequate deterrence to criminal conduct, and considers Cooper's history and personal circumstances (including his PTSD, ADD and cannabis use disorder).  It also takes into consideration the facts and circumstances of the offenses, including that Cooper ultimately came forward to admit his culpability and accept full responsibility for his actions, and that Jane Doe has been spared the ordeal of testifying regarding his sexual relationship with her in a courtroom full of strangers.

## IV.  CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence Cooper to 51 months of imprisonment, followed by 15 years of supervised release, subject to the standard and special conditions of supervision recommended by the Probation Office.

DATED this 9th day of December 2021.

NICHOLAS W. BROWN
United States Attorney

*s/ J. Tate London*
J. TATE LONDON
Assistant United States Attorney

United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:       (206) 553-7970
Fax:           (206) 553-0882
E-mail:       Tate.London@usdoj.gov

GOV'S SENTENCING MEMORANDUM - 4
CR20-015-RSL / KAMRON DYLAN DUANE COOPER

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970